UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FAITH KEENAN, | ) | CASE NO.: 1:12CV439 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on objections filed by Plaintiff Faith Keenan to the Report and Recommendation ("R&R") of the Magistrate Judge. This action was referred to the Magistrate Judge for an R&R on Crawford's Appeal of the Social Security Administration's decision to deny her request for disability insurance benefits and supplemental security income. On November 19, 2012, Magistrate Judge Baughman issued his R&R recommending that the Commissioner's decision affirmed.

For the reasons stated below, the objections are sustained. The R&R is rejected and the matter is hereby REMANDED for the **limited purpose** stated below.

I.      **Standard of Review**

District courts conduct *de novo* review of those portions of a magistrate judge's R & R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable

mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

## II. Keenan's Objections

Keenan's objections are limited to the Report's resolution of her claimed error relating to the hypothetical posed to the vocational expert. It is undisputed that Keenan's residual functional capacity included the following limitation: "brief and superficial contact with co-workers and supervisors." However, the hypothetical posed to the vocation expert included the following: "frequent for official interaction only with co-workers and supervisors, but no tandem tasks with co-workers." The parties all seem to agree that "frequent for official interaction" is some type of typographical error as it appears nonsensical in its context.

The Report resolved this issue by concluding that a reasonable mind could accept that this was simply a typographical error that the ALJ did not rely upon in reaching the ultimate conclusion. Keenan objects to this method. The Court agrees with the objection.

The Court ordered that a supplemental transcript be produced in the hopes of clarifying the issue at hand. The Commissioner responded that "the portion of the hearing in question is difficult to hear and that no more informative transcription could be made." Doc. 26 at 1.

> As a result, this court is precluded from complying with its "responsibility to scrutinize the record in its entirety" to determine whether substantial evidence supports the Secretary's findings. *Millet v. Schweiker*, 662 F.2d 1199, 1201 (5th Cir. 1981). *See also Mimms v. Heckler*, 750 F.2d 180, 186 (2nd Cir. 1984); *Cutler v. Weinberger*, 516 F.2d 1282, 1285 (2nd Cir. 1975). As noted in the Conference Agreement discussing Pub.L. 96–265 § 307, which amended 42 U.S.C. § 405(g):
>
> [T]here are sometimes procedural difficulties which prevent the Secretary from providing the court with a transcript of administrative proceedings. Such a situation is an example of what could be considered "good cause" for remand. Where, for

> example, the tape recording of claimant's oral hearing is lost or inaudible, or cannot otherwise be transcribed ... good cause would exist to remand the claim to the Secretary for appropriate action to produce a record which the court may review under 205 (g) of the act.
>
> H.R.Conf.Rep.No. 944, 96th Cong., 2d Sess. 59, reprinted in 1980 U.S.Code Cong. & Ad.News 1277, 1407.

*Bianchi v. Secretary of Health & Human Services*, 764 F.2d 44, 46 (1st Cir. 1985).  Furthermore,

> the Fourth Circuit, in an unpublished opinion, held that when vital testimony of a vocational expert is inaudible, the court cannot find that the ALJ's decision is supported by substantial evidence. *See Russell v. Sullivan*, 914 F.2d 1492 (4th Cir. 1990). In 2008, this court, also in an unpublished opinion, remanded a claimant's case for further evaluation because inaudible portions of the hearing transcript made it very difficult for the court to interpret and fully understand the exchanges between the ALJ and the claimant, but more importantly between the ALJ and the vocational expert. *See Cannaday v. Astrue*, 2008 WL 2346144, at *23 (W.D.Va. June 5, 2008). Later that same year, this court, in yet another unpublished opinion, found that due to vocational expert testimony being missing from the transcript as inaudible, the court could not determine with any reasonable certainty the specific contours of the vocational expert's testimony, thereby making it impossible to determine whether substantial evidence supported the ALJ's finding that the claimant could return to his/her past relevant work. *See Reese v. Astrue*, 2008 WL 4144435, at *6 (W.D.Va. Sept. 5, 2008) (citing *Russell*, 914 F.2d 1492).

*Mallory v. Astrue*, 2012 WL 957516, at *6 (W.D.Va. Mar. 20, 2012).

The Court finds the above authorities to be persuasive.  Without an accurate transcript of the hypothetical posed to the vocation expert, this Court cannot conclude that there is substantial evidence to support the ALJ's conclusion.  Accordingly, the matter is hereby remanded for the limited purpose of posing a proper hypothetical to the vocation expert, incorporating all of Keenan's limitations.

The Court notes that the Report makes a strong argument for demonstrating that the ALJ committed no error in the proceedings.  Moreover, this Court's order of remand similarly finds no error in the actions taken by the ALJ in this matter.  Instead, it is the lack of an accurate transcript due to an inaudible segment of the hearing that compels remand.  Therefore, the remand shall be

very limited as detailed above.

### III. Conclusion

Keenan's objections are SUSTAINTED.  The Magistrate Judge's Report and Recommendation is REJECTED.  The judgment of the Commissioner is REVERSED, and the matter is REMANDED for the limited purpose of posing a proper hypothetical to the vocational expert.

IT IS SO ORDERED.


Dated: February 4, 2013                           /s/ John R Adams
                                                  JUDGE JOHN R. ADAMS
                                                  UNITED STATES DISTRICT JUDGE