UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FAITH KEENAN, | ) | CASE NO. 1:12CV439 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| -vs- | ) | |
| | ) | MEMORANDUM OF OPINION |
| COMMISSIONER | ) | AND ORDER |
| OF SOCIAL SECURITY | ) | |
| | ) | |
| Defendant. | ) | |

On May 6, 2013, Attorney Kirk Roose filed a motion for attorney fees for Plaintiff Faith Keenan under the Equal Access to Justice Act ("EAJA"). The Commissioner has opposed the motion, and Plaintiff has replied. The motion for attorney fees is DENIED.

## I.    INTRODUCTION

The Sixth Circuit has recently explained the history of EAJA as follows:

The EAJA, enacted in 1980, provides for an award of attorney fees to a party prevailing against the United States in a civil action when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees. 28 U.S.C. § 2412(d)(1)(A); *see also Perket v. Sec. of H.H.S.*, 905 F.2d 129, 132 (6th Cir. 1990). The purpose of the statute is described in its legislative history:

> The [EAJA] rests on the premise that certain individuals ... may be deterred from seeking review of ... unreasonable governmental action because of the expense involved in securing the vindication of their rights. The economic deterrents to contesting governmental action are magnified in these cases by the disparity between the resources and expertise of these individuals and their government. The purpose of the bill is to reduce the deterrents and disparity by entitling certain prevailing parties to recover an award of attorney fees, expert witness fees and other expenses against the United States, unless the Government action was substantially justified.

>H.R.Rep. No. 96-1418, at 5-6 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4984, 4984. This statement indicates that Congress intended to make challenges to unreasonable government action more accessible for certain individuals by allowing them to recoup reasonable attorney fees and costs, should they prevail.

*Bryant v. Commissioner*, 578 F.3d 443, 445-46 (6th Cir. 2009).

>EAJA provides:
>
>>Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
>
>28 U.S.C. § 2412(d)(1)(A). Eligibility of a fee award in a civil action thus requires that (1) the claimant was a "prevailing party"; (2) the government's position was not "substantially justified"; and (3) no special circumstances made an award unjust. *Commissioner, INS v. Jean*, 496 U.S. 154, 158 (1990).
>
>…
>
>In elaborating on the meaning of "substantially justified" under the EAJA, this court has explained that:
>
>[t]he government's position under section 2412(d)(1)(A) is "substantially justified" if it is "'justified in substance or in the main'-that is, justified to a degree that could satisfy a reasonable person." ... [A] position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact."
>
>*United States v. Real Property Located at 2323 Charms Road*, 946 F.2d 437, 440 (6th Cir. 1991) (citations omitted).

*Anderson v. Commissioner*, 198 F.3d 244, at *3-4 (6th Cir. 1999) (table).

Herein, Plaintiff claims that the Commissioner's position was not substantially justified. In so doing, Plaintiff asserts as follows: "The agency's defense improperly asks the Court to consider only the agency's litigation position, not its underlying error." Doc. 33 at 3. Plaintiff then argues at length that the Agency has numerous layers of review to ensure the accuracy of a

transcript and that the failure to correct such an error prior to this appeal compels a finding that the position of the Commissioner was not substantially justified. The Court finds no merit in this contention.

> In remanding this matter, the Court held as follows:
>
> Without an accurate transcript of the hypothetical posed to the vocation expert, this Court cannot conclude that there is substantial evidence to support the ALJ's conclusion. Accordingly, the matter is hereby remanded for the limited purpose of posing a proper hypothetical to the vocation expert, incorporating all of Keenan's limitations.
>
> The Court notes that the Report makes a strong argument for demonstrating that the ALJ committed no error in the proceedings. Moreover, this Court's order of remand similarly finds no error in the actions taken by the ALJ in this matter. Instead, it is the lack of an accurate transcript due to an inaudible segment of the hearing that compels remand. Therefore, the remand shall be very limited as detailed above.

Doc. 27 at 3-4. As detailed in the Court's prior order, the Government's position in this appeal was substantially justified. Specifically, the Government argued that any nonsensical language in the hypothetical posed to the VE, the result of a typographical error in the transcript, was harmless. Specifically, the Government argued that the jobs described by the VE incorporated the limitation that did not appear in the question due to the apparent typographical error. Ultimately, however, this Court concluded that a meaningful review required a full transcript.

Unable to attack the Commissioner's position before this Court, Plaintiff contends that it was unreasonable, thereby somehow negating substantial justification. Plaintiff, however, ignores that the Commissioner could maintain this harmless error argument throughout the administrative proceedings as well. The Commissioner was not unreasonable in concluding that an entirely new proceeding was unnecessary when a review strongly suggests that no prejudicial error occurred. The Court will not find that substantial justification is lacking simply because of

a transcript error appearing in one half of one sentence ultimately resulted in the need to remand this matter. The motion for EAJA fees is DENIED.

    IT IS SO ORDERED.


Dated: July 23, 2013                          */s/ John R. Adams*
                                                 JOHN R. ADAMS
                                                 UNITED STATES DISTRICT JUDGE